HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRYPTON IMAI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES, INC., et al., <br><br> Defendants. | CASE NO. C16-5824RBL <br><br> ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |

THIS MATTER is before the Court on Defendant Chase Bank's Motion for Judgment on the Pleadings [Dkt. #15]. The case involves a residential loan, evidenced by a promissory note and secured by a deed of trust on the home. The Imais sued a variety of lenders and servicers connected with their loan, claiming primarily that payments they made to reinstate their in-arears loan were not properly credited, leading to a default and an apparently pending foreclosure. They seek to enjoin the foreclosure and damages for violations of Washington's Consumer Protection Act.

Chase seeks judgment on the pleadings on the two claims apparently asserted against it. First, it seeks dismissal of the Imais' injunction claim, arguing that it assigned its interest in the loan in 2013, prior to the reinstatement payment dispute, and prior to the pending foreclosure.

Second, Chase argues that the only other claim the Imais assert against it—a CPA claim for failure to give them the required 15 days' notice of the transfer of Chase's interest in servicing their loan—is undermined by the Imais' own allegations and evidence[1], demonstrating conclusively that the required notice was timely given.

**A.  Judgment on the Pleadings Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] The Imais ask the Court to take "judicial notice" of 17 documents (totaling 82 pages), including correspondence, notices, payment stubs and the like. [Dkt. #21]. Defendant Bayview opposes the request, arguing persuasively that these "facts" do not satisfy Fed. R. Evid. 201(b): they are not generally known within the trial court's jurisdiction; and they cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. [Dkt. #22]. They are instead the sort of evidence one would file, under a proper affidavit, in the context of a Motion for Summary Judgment. The current motion tests the Plaintiffs' pleadings, not their proof.  The Request for Judicial Notice is DENIED.

1  (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an
2  unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing*
3  *Twombly*).

4  Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c)
5  is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to
6  motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*,
7  647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192
8  (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to
9  a Rule 12(c) motion).

10 On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to
11 amend the pleading was made, unless it determines that the pleading could not possibly be cured
12 by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,
13 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether
14 there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v.*
15 *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

16 **B. Injunction claim.**

17 Chase has argued persuasively that they are not subject to an injunction because they are
18 not foreclosing on the loan. The Imais' Response does not address their injunction claim. The
19 Motion to for Judgment on the Pleadings as to the plaintiffs' injunction claim against Chase is
20 GRANTED. LCR 7(b)(2).

21 **C. CPA claim.**

22 As pled, the Imais' CPA claim broadly alleges that "all defendants" misrepresented the
23 ownership of their promissory note, and how their payments were applied. They claim that all
24 defendants "colluded to give the false impression that they complied with the Deed of Trust

1 Act," and falsely claimed the Imais owe money that they do not. Their complaint does not
2 specifically allege that Chase did anything else to violate the CPA.

3 In Response to the Motion, the Imais repeat these general allegations, and argue that part
4 of the reason the subsequent lenders/servicers did not properly credit their payment(s) was
5 because Chase failed to give them timely notice that their loan servicing was being transferred.
6 They claim they did not get the required "15 days minimum notice" of the transfer. 12 U.S.C.
7 §2605(b)(2).

8 Chase demonstrates that the Imais have repeatedly conceded that they were notified on
9 October 31, 2013, that the loan servicing would be transferred, and that the transfer became
10 effective more than 15 days later, on November 16, 2013. To the extent the Imais' CPA claim is
11 based on this alleged failure to give timely notice of the servicing transfer, it is fatally flawed,
12 and it cannot be made plausible by amending their complaint.

13 The remainder of the Imais' CPA claim depends on this allegation. As Chase points out,
14 they are arguing that Chase is liable of the failure of its *successors* to properly credit the Imais'
15 account, perhaps because Chase failed to tell them about the Imais' reinstatement efforts. This
16 claim too is undermined by the plaintiffs' own allegations and admissions; Chase demonstrate
17 amply that the Imais have alleged[2] and testified that Chase's successors knew about and even
18 confirmed the reinstatement, prior to the current foreclosure but well after the Chase transfer.

19 Chase's argument that the Imais' CPA claim must fail to the extent it seeks to hold them
20 liable for the "non-recognition of reinstatement payments" by their successors is correct, and the

---

[2] Chase also points out that the plaintiffs' own materials show they did not make the third reinstatement payment (due December 15, 2013), until July 24, 2014. See Dkt. #23, p. 7, *citing* Dkt. #21-1, p. 15, 18.

Imais' effort to lump all of the defendants together on this claim is insufficient as a matter of law. Chase is also correct that the Imais have not pled (or articulated in their Response) any unfair or deceptive act on Chase's part, or that the public has an interest in the dispute, or that they were injured by anything Chase did. It is instead apparent that all of actions and inactions they actually claim were taken by other defendants after Chase no longer had an interest in the loan. Chase's Motion for Judgment on the Pleadings as to the Imais' CPA claim against them is GRANTED and that claim too is DISMISSED with prejudice and without leave to amend.

The Imais' claims against Defendant Chase are DISMISSED on the pleadings.

IT IS SO ORDERED.

Dated this 31st day of March, 2017.

Ronald B. Leighton
United States District Judge